**UNITED STATES ex rel. Victor GON-ZALES, Petitioner-Appellant,**

v.

**Honorable Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**No. 622, Docket 33358.**

United States Court of Appeals
Second Circuit.

Argued June 24, 1969.

Decided July 23, 1969.

Eugene A. Wolkoff, New York City (Callahan & Wolkoff, New York City, on the brief), for petitioner-appellant.

John G. Proudfit, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before HAYS and FEINBERG, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Appellant Victor Gonzales appeals from denial of a writ of habeas corpus by the United States District Court for the Southern District of New York, Marvin E. Frankel, J. The basic claim is that certain packages of marijuana obtained in a search of appellant's apartment were improperly admitted into evidence against him at his state trial. On a prior appeal, we held that there had been probable cause for appellant's arrest, and we refer to that earlier opinion for a full statement of the facts. 397 F.2d 232 (2d Cir. 1968). However, we remanded for district court consideration of two further arguments made to us: "(1) that the search of the apartment in which [appellant] was present * * * when ar-

rested was so extensive as to be unreasonable; and (2) * * * that entry into the apartment was improper because it was done by force and without announcement of authority or purpose at a time when a warrant could have been obtained." Id. at 235. Neither argument had previously been adequately presented to the district court, and we were not sure whether they had even been pressed in the state courts. Accordingly, we suggested that the district court also consider whether state remedies had been exhausted on each.

On remand, the parties agreed that there had been exhaustion as to argument (2), and Judge Frankel found on the merits that the manner of entry was reasonable and did not violate appellant's constitutional rights. We affirm this determination on the basis of the judge's opinion. As to argument (1), the judge indicated that there had not been exhaustion but, under the circumstances, thought it appropriate to reach the merits. The judge held that a shopping bag containing marijuana, found "at the very spot of [appellant's] apprehension," and two suitcases located in another room, also concealing marijuana, were all properly seized as incident to a lawful arrest. While we have little doubt that this determination was correct on the law as it was then understood, the decision of the Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), has since intervened. Although that opinion overruled Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), which was relied on by the district judge, its effect on the 1965 conviction here under attack is at least questionable for two reasons: The retroactivity of Chimel has not yet been decided; and because even under Chimel it is clear that at least some of the evidence to which appellant objects (the marijuana in the shopping bag) was properly admitted at his trial, a question is raised whether admission of the remaining marijuana packets was on-

* Of the District of Montana, sitting by designation.

ly harmless error. Under these changed circumstances, we believe that the proper course is to require appellant to present his application for a writ on this ground to the state courts, which, according to the district court, he has apparently not done.

Judgment affirmed without prejudice to a further application to the district court as to argument (1), after state remedies have been exhausted.